**United States of America, Plaintiff–Appellee,**

v.

**Naji ABDEL–KARIM, Defendant–Appellant.**

No. 04–3579.

United States Court of Appeals, Seventh Circuit.

Submitted March 2, 2005.

Decided March 23, 2005.

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Naji Abdel-Karim, Rosen & Holzman, Waukesha, WI, pro se.

Before BAUER, RIPPLE, and ROVNER, Circuit Judges.

## ORDER

Pursuant to a plea agreement, Naji Abdel–Karim pleaded guilty to illegally trafficking in counterfeit goods, 18 U.S.C. § 2320(a). The district court sentenced him to six months of home confinement, two years of probation, and $15,000 in restitution. Mr. Abdel–Karim filed a notice of appeal, but his appointed counsel now seeks to withdraw because he cannot find a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, so we limit our review to the potential issues he identifies. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir.2002). Mr. Abdel–Karim has filed a response pursuant to Circuit Rule 51(b), but he has requested only that his probation term be reduced; he has not identified any issues omitted by counsel's brief.

Counsel first questions whether Mr. Abdel–Karim's guilty plea colloquy might be the source of a potential appellate issue, although he does not point out any specific errors in the district court's compliance with Federal Rule of Criminal Procedure 11. Regardless, it is clear from Mr. Abdel–Karim's response that he has no interest in having his guilty plea set aside, and we have held that counsel generally should not raise a Rule 11 argument on appeal, or even explore the question in an *Anders* submission, unless the defendant wants to withdraw his plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002). Therefore, no challenge to the plea would be before us.

Counsel next considers whether Mr. Abdel–Karim's sentence violates the Sixth Amendment as interpreted in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *aff'd*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621, 2005 WL 50108, Nos. 04–104, 104–105 (U.S. Jan 12, 2005), although he does not articulate any specific ground for believing that it might. Counsel simply concludes, and we agree, that Mr. Abdel–Karim's sentence would not implicate *Booker* because it did not involve the application of the sentencing guidelines. *See id.; Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Although the district court considered the guidelines "as a matter of reference," noting factors like Mr. Abdel–Karim's provision of substantial assistance to the government and his demonstrations of remorse, it clearly stated that it did not consider the guidelines binding. Instead, the district court employed its discretion to impose an indeterminate sentence that was within the statutory maximum of 10 years' imprisonment. Thus, the court properly anticipated the Supreme Court's ruling in *Booker*. And although non-guidelines sentences are still reviewed for "reasonableness" after *Booker*, no principled argument could be made that Mr. Abdel–Karim's sentence, which took into account both the seriousness of his conduct and his acceptance of responsibility, was unreasonable.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.